

**STATE OF ALABAMA**

## DEPARTMENT OF CORRECTIONS

Post Office Box 301501
Montgomery, Alabama 36130-1501

**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

July 25, 2003

TO:  WARDENS
HEADS OF STAFF AGENCIES
DIVISION HEADS
ADMINISTRATIVE REGULATION MONITORS

CHANGE #1
ADMINISTRATIVE REGULATION 403

### DISCIPLINARY HEARING PROCEDURES FOR MAJOR RULE VIOLATIONS

PURPOSE:  To include contract security employees who will be serving in the same capacities as ALDOC employees.

CHANGES TO BE MADE:

| <u>Reference</u> | <u>Action Required</u> |
| --- | --- |
| Section IA | Change the second sentence to read: "The Commissioner, or designee(s), Wardens, ALDOC employees and contract employees whose duties involve the Hearing or processing of disciplinary proceedings are responsible for following the provisions of this regulation." |
| Section IIIA | Change the first sentence to read: "The arrest or charge of an inmate for a rule violation may be made by any employee or contract employee of the ALDOC." |
| Section IIIB | Change the first sentence to read: "Wardens will appoint an ALDOC employee, or contracted employee, to serve as Hearing Officer of any charge(s) brought against an inmate pursuant to AR 403." |

PENGAD-Bayonne,N.J.

**EXHIBIT**

J

Section IVC

Change the fourth sentence to read:
"If the inmate is not capable of acting in his/her own defense, the appoint an on-duty ALDOC employee, or contracted employee, to assist the inmate."

File this numbered change at the back of the regulation after annotating both the index and the regulation to indicate the required changes have been completed.   Advise all personnel in your organization of the change to this regulation.

Donal Campbell, Commissioner



**STATE OF ALABAMA**

**DEPARTMENT OF CORRECTIONS**

Research, Monitoring, & Evaluation
Post Office Box 301501
Montgomery, Alabama 36130-1501

**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

**January 30, 2003**

**ADMINISTRATIVE REGULATION
NUMBER                 403**

**OPR: INSTITUTIONS**

## DISCIPLINARY HEARING PROCEDURES FOR MAJOR RULE VIOLATIONS

**I    GENERAL**

A.    This regulation establishes policies/procedures governing the conduct and disposition of Disciplinary Hearings for inmates in the custody/control of the Alabama Department of Corrections (ALDOC). The Commissioner, his designee(s), Wardens and other ALDOC employees whose duties involve the Hearing or processing of disciplinary proceedings are responsible for following the provisions of this regulation. All procedures require final action by the Institutional Head or his/her designee. The Institutional Head will identify said designee in writing.

B.    A Hearing Officer will hear evidence in cases of major violations of departmental administrative regulations, and institutional rules and regulations, for which punishments or sanctions may be imposed.

C.    Sanctions or punishments may include, segregation, forfeiture of earned good time, custody review, and loss of privileges.

D.    When an inmate with a serious mental illness receives a disciplinary report, the inmate's mental status will be considered in determining the inmate's competency to participate in the hearing process. When an inmate is found incompetent, the disciplinary hearing process will be delayed until the inmate's competence has been restored. The inmate's mental status will be considered in the disposition when as inmate with a mental illness is found guilty of a rule violation. The institutional psychologist will assess the inmate's competency and culpability, and provide relevant information to the disciplinary hearing officer.

E.    Inmates will not be punished for symptoms of a serious mental illness. This is not to say that a mental health inmate should never receive a disciplinary. The intent of the mental status evaluation is to determine if the misconduct is symptomatic of the presence of a serious mental illness. If such is the case, disciplinary action is deemed counterproductive and should not be completed.

II    **DUE PROCESS REQUIREMENTS**

Any inmate charged with a violation of departmental administrative regulations, institutional rules and regulations must be given a due process hearing if the violation can result in the loss of earned good time and/or confinement to segregation. An inmate can be placed in disciplinary segregation for up to 45 days and upon reclassification from work release for up to 30 days.

Due Process requirements are:

A.    The inmate must be given written notice of the charges at least 24 hours prior to the Hearing.

B.    The inmate must be permitted to attend the hearing and testify or present documentary evidence, unless he refuses to attend or is disruptive.

C.    The inmate must be permitted to call a reasonable number of reasonably available witnesses to the hearing, normally no more than three (3) witnesses.

D.    The inmate must be permitted to prepare and submit to the Hearing Officer, prior to the hearing, pertinent written questions to be asked of witnesses at the hearing, or to ask another inmate to assist him in preparing these questions if he is incapable of doing so.

E.    The inmate must be informed of the decision of the Hearing Officer, and must be given a copy of the signed and approved Disciplinary Report which lists the findings of fact, the basis for the findings of fact, the decision of the Hearing Officer, and the punishment or sanction imposed.

F.    If the inmate has been identified as a mental health inmate, an evaluation of the inmate's competency to understand the disciplinary process must be conducted by the institutional psychologist.

III    **PROCEDURE BEFORE HEARING**

A.    <u>Arrest or Charge of Inmate</u>

The arrest or charge of an inmate for a rule violation may be made by any employee or contract medical employee of the ALDOC. The person making the arrest or charge is designated as the Arresting Officer. The Arresting Officer will appear as a witness at the Disciplinary Hearing. For the purpose of this regulation, an arrest is defined as the taking of an inmate into custody or

AR 403 January 30, 2003

making a charge by the authority of this regulation, federal law, Alabama law, or municipal law for the purpose of charging him/her with an offense or violation of a departmental administrative regulation or institutional rules and regulations or charges. The arrest should be made within ten (10) calendar days after the violation is reported, discovered, or within ten (10) calendar days after an investigation has been completed, or within ten (10) calendar days after an escapee (in an escape charge) is back in custody of the ALDOC.

B.    Appointment of Hearing Officer

Wardens will appoint a ALDOC employee to serve as Hearing Officer of any charge(s) brought against an inmate pursuant to AR 403. Wardens, personnel who have formed an opinion of the innocence or guilt of the charged inmate, Arresting Officer, and witnesses may not serve as Hearing Officer.

C.    Investigation of Charges

The Wardens may, if he/she deems it necessary or advisable, order an investigation of the charges at the institutional level and a report to him/her or request an investigation by the Investigations and Intelligence (I & I) Division.

D.    Preparation of Charges

ALDOC Form 225B, Disciplinary Report (Annex C) items 1-4 must be completed when the inmate is charged. If the inmate's actions in one incident violates various major or minor rules, then the Arresting Officer may use his/her discretion in which charges to bring. All offenses growing out of the same incident may be charged at the same time, using separate 225B forms for each charge. The charge(s) should be filed and served within ten (10) calendar days after the inmate is arrested or charged. If the charge is escape, the writer of the incident report will complete an incident report which will be notarized (See AR 302). It will include therein additional information such as contacts for evidence and testimony including law enforcement officers, free world witnesses, and ALDOC personnel.

E.    Serving the Inmate with the Charge

The Form 225B completed through item five must be served by the Serving Officer on the inmate at least 24 hours before the schedule hearing. The Serving Officer will read the charges to the inmate. If the inmate refuses to sign for receipt of charges, then the Serving Officer will so indicate by "Refused to Sign" and sign Serving Officer's signature. The Serving Officer at this time will inform the accused inmate that he/she should prepare his/her testimony, in the form of a written statement, to be read by the inmate to the Hearing Officer during the hearing. After the inmate has been served a copy of 225B, a suspense copy will be placed in the inmate's institutional file.

F.    Obtain Name of Witnesses Inmate wants at Hearing

At the time of service of charges on an inmate, the Serving Officer will advise the inmate of his/her right to call witnesses whose testimony will be relevant and whose presence will not present a security threat. The Serving Officer will obtain those names at this time and will not refuse to list any witnesses desired by the inmate. The Hearing Officer will determine if the witnesses' testimony could possibly be relevant and/or if bringing certain witness (es) would present a security threat. Normally no more than three (3) witnesses with relevant testimony are called. The Hearing Officer will be responsible for having the inmates and employees called as witnesses present at the hearing. Any free world witness the inmate wishes to testify, and whose testimony would be relevant, must be written or called by the inmate, and permission must be given to the inmate to write or call. Form 225B, Items 6 and 7, are to be completed by the Serving Officer when serving the inmate. If an inmate requests more than three witnesses, including free world witnesses, the Hearing Officer, prior to the hearing, may require the inmate to submit a summary of the witnesses' expected testimony. The Hearing Officer may refuse to allow any witness whose testimony is not relevant to testify.

G.    <u>Provide Data on Inmate to Hearing Officer</u>

At institutions where computer input, printer capability, and personnel are available, on the working day prior to the Disciplinary Hearing, a copy of the inmate's record display, CDINC may be produced and provided to the Hearing Officer along with the inmate's good time earning status and good time earned.


## IV    PROCEDURES DURING HEARING

The Hearing should be held within ten (10) working days after the inmate has been served with the charge(s), but cannot be held in less than 24 hours. If there is a need to postpone or reschedule the hearing, Form 225D, Notice of Postponement of Disciplinary Hearing (Annex D) should be completed advising the inmate of the rescheduled date and reason for delay. The Hearing Officer at the time the hearing is to begin will follow these procedures:

A.    Have the inmate present in the hearing room and identify him/her as the inmate charged. The inmate must be present in the hearing room unless he/she refuses to attend the hearing or is disruptive. You may proceed without him/her only for these two (2) reasons. If he/she is not present, explain in detail on an additional page and attach to the disciplinary report.

B.    Read the charges to the inmate and determine if he/she understands the charges.

C.    Determine if the inmate is capable of acting in his/her own defense. If the inmate has been identified as a "mental health" inmate, review the disciplinary report to ascertain if an assessment of the inmate's mental status has been performed by the institutional psychologist. If an assessment has been done, and the inmate has been deemed capable of understanding the disciplinary process, then determine if the inmate is capable of acting in his/her own defense. If the inmate is not capable of acting in his/her own defense, then

appoint an on-duty ALDOC employee to assist the inmate. If the inmate is provided assistance, the hearing may be delayed up to five (5) working days if requested. Neither inmates nor free world counsel may represent an inmate in a disciplinary hearing. Complete item 10 on Form 225B.

D.   Ask the inmate how he/she pleads and record on Form 225B. If inmate pleads guilty, then go forward to procedural Step L.

E.   Swear the inmate and all witnesses under oath to testify truthfully.

F.   Hear the evidence brought by the Arresting Officer and all witnesses present at the hearing. Affidavits and written statements should not be used in lieu of testimony, except in extreme circumstances, which must be documented on additional page(s) and attached to the disciplinary report.

G.   Allow the inmate to read his/her prepared written statement to the Hearing Officer and allow the inmate to add his/her oral testimony if the inmate desires.

H.   Ask the questions, if relevant, prepared by the inmate, to the respective witness (es) and write the answers.

I.   Explain to the inmate why any witness (es) he/she has requested were not called and complete item 16 on Form 225B.

J.   Dismiss everyone from the hearing room, consider the evidence and make a finding of fact and finding of not guilty or guilty and determine the punishment or sanctions imposed. The Hearing Officer may determine that the violation charged has not been proven but that a lesser included similar offense has been proven. A lesser included violation is defined as being a violation in which some but not all of the elements of proof of the originally charged violations are present. With good justification the Hearing Officer has authority to find the inmate guilty of a lesser included offense, in which case, provisions of AR 414 may apply in order to complete disposition of appropriate disciplinary action.

K.   Call the inmate into the hearing room and inform him/her of the decisions reached.

L.   If the inmate has pled guilty, then omit procedures E through K, swear in the inmate only, require the inmate to explain the details of his/her violation to you, have the inmate sign the guilty plea, and then, make a finding of fact, and a finding of guilt or innocence. If the inmate's plea of guilty is accepted then inform him/her of the punishment or sanctions imposed. If the inmate refuses to sign the guilty plea this will be considered a "Not Guilty" plea and proceed with the hearing.

## V    PROCEDURES AFTER HEARING

The Hearing Officer, after the hearing will follow these procedures:

A.    Have a condensed version of all pertinent testimony typed on Form 225B using additional pages if necessary.

B.    Complete all spaces on Form 225B or put [N/A] (Not Applicable) in those appropriate spaces.

C.    Complete, in the appropriate space, specifically the findings of fact made by the Hearing Officer.

D.    Complete, in the appropriate space, specifically the basis for the findings of fact.

E.    Obtain all necessary signatures on the Disciplinary Report Form 225B.

F.    The Warden or his/her designee will approve or disapprove the findings and/or recommendations within ten (10) working days after hearing. The Warden may not disapprove a finding of "not guilty". If the Warden disapproves of the recommended punishment, he/she may order the punishment to be reduced.

G.    A completed signed copy of the disciplinary report will be served on the inmate as soon as possible without undue delay after the Warden's determination, and all approved punishments will begin at this time or at the time the inmate is placed in the segregation cell to begin serving disciplinary segregation. If the Warden determines that a security threat will exist by a delay in the imposition of punishment, he/she may order such punishment to begin at any time after the hearing is conducted.

H.    If the Warden approves the recommendation of the Hearing Officer, or a lesser punishment, he/she will:

1.    At units with computer terminal input capability: Coordinate with and forward or issue his/her comments and supporting documents to the institutional Social Service Coordinator. The Coordinator will insure the terminal operator takes the required action to effect the loss of good time in accordance with the Computer Terminal Operator's Manual, and implement classification procedures or other considerations. Institutional Social Services will forward/issue the completed and signed disciplinary report to the following:

a.    One copy to the Board of Pardons and Parole.

b.    One copy to the Director of Investigations and Intelligence in all cases where there has been a violation of Federal or State law.

c.    Original to the Director of Central Records, stamped as "Entered" at the terminal, initialed by the operator, and dated on the date of entry.

d.    One copy retained in the inmate's institutional file.

AR 403 January 30, 2003

2.    At units without computer terminal capability: Submit his/her comments and supporting documents to the Director of Central Records for any further action needed to effect the loss of good time or other consideration. The Director of Central Records will accept the action of the Warden for less severe punishment as final. Additionally, units without computer terminal capability, will furnish one copy to the Board of Pardons and Paroles, and one copy to the Director of Investigations and Intelligence in all cases where there has been a violation of federal or state law. The original will be retained in the inmate's Central Record file. The Warden will notify the inmate in writing of his/her approval or recommended disapproval, and one copy of the Warden's action will be forwarded to Social Services for classification purposes and the same copy retained in the inmate's institutional file.

## VI    MISCELLANEOUS PROVISIONS

A.    Arrest and Hearing Based on Information From Confidential Sources

If the arrest of an inmate is made upon information received from confidential source(s), the following procedures should be followed:

1.    The identity of a confidential source(s) of information will remain confidential. Precautions must be taken to insure the reliability of any information received from a confidential source(s).

2.    The facts obtained from confidential source(s) will be presented verbally at the hearing by the person receiving the information from the confidential source.

3.    No decision in a disciplinary proceeding may be based upon information from an undisclosed informant unless there is corroborating information or evidence or unless the reliability of the source satisfies the Hearing Officer that the information is true. The basis for accepting the source as reliable should be indicated in item 18 on Form 225B.

B.    Excusing Witnesses Called by Inmate

As the names of witnesses desired by the accused have been obtained during the notification and serving process, they (witnesses) are required to appear, unless excluded for specific reasons by the Hearing Officer. Reasons for not calling a witness may include, but are not limited to: inmate witness declining to appear voluntarily; the witness being repetitive in that such witness is expected to provide the same information as other witnesses; the witness not having personal knowledge of the circumstances of the incident; endangering the security of the institution; or an existing possibility of retribution which could harm an individual. The reason (s) for not calling any witness requested by an inmate will be explained to the inmate and item 16 on the Form 225B must be completed.

C.    Determine if the Inmate is capable of acting in his/her own defense. If the inmate has been identified as a "mental health" inmate, review the disciplinary report to ascertain if an assessment of the inmate's mental status has been performed by the institutional

psychologist. If an assessment has been done, and the inmate has been deemed capable of understanding the disciplinary process, then determine if the inmate is capable of acting in his/her own defense. If the inmate is not capable of acting in his/her own defense, then appoint an on-duty ALDOC employee to assist the inmate. If the inmate is provided assistance, the hearing may be delayed up to five (5) working days, if requested. Neither other inmate's nor free-world counsel may represent an inmate in a disciplinary hearing. Complete item 10 on the Form 225B. In any case where a disciplinary or rule violation has been voided or otherwise overturned as a result of a technicality or due process violation, but where the behavior indicates the need for a more restrictive placement or custody, classification and/or the Central Review Board may classify the offender as deemed appropriate based upon the specific act or behavior itself.

D.      Adjudication - A major violation may be adjudicated with a behavioral citation in accordance with AR 414 provided the following conditions are met:

      1.      There is no injury to staff during the incident or as a result of the violation.

      2.      No consequences arise which result in the loss or destruction of property and security of the institution.

      3.      There is no serious injury to inmates as a result of the violation or incident.

      4.      The violator is not likely to receive disciplinary segregation.

      5.      With written justification any combination of the Citing Officer, Receiving Supervisor, or the Warden or his/her designee, determines that a behavioral citation is appropriate due to circumstances of the incident or violation.

E.      For mental health inmates deemed competent to participate in the disciplinary process, the disciplinary hearing officer will consider the mental health evaluation and any pertinent recommendations prior to determining the inmate's guilt or innocence in making a disposition of the case. The institutional psychologist will be contacted for clarification, if the hearing officer has questions about recommendations. If the inmate is found guilty, the hearing officer may impose punishment and/or refer the inmate for treatment.

F.      The disciplinary process will not proceed for an inmate deemed incompetent. The process will be suspended until the inmate has been restored to competency. The institutional psychologist will advise the disciplinary hearing officer when the inmate has been restored to competency, and the disciplinary hearing process can proceed. If the inmate has not been restored to competency within six months, information regarding the rule violation and the inmate's inability to proceed with the disciplinary hearing will be documented in an incident report. The incident report will be filed in the inmate's institutional file. The disciplinary report will be removed from the file and no further action will be taken.

G.      Referral for a mental health consultation to the disciplinary process may be made: 1) at the time of the rule violation, 2) when review of the disciplinary report identifies the inmate as

AR 403 January 30, 2003

having a serious mental illness, or 3) whenever an inmate not previously identified as having a serious mental illness demonstrates signs of compromised functioning during the hearing process.

## VII    SANCTIONS

A.    Annex A, Violations Table and Authorized Sanctions, contains a table listing by violation number and the violation type and sanctions. Annex B, Definitions and Examples of Rule Violations, contains definitions and examples of the violations listed in Annex A.

B.    Inmates removed from programs for conviction of a new crime will be permanently removed from eligibility for correctional incentive time by placement in Class IV CIT status permanently (See Administrative Regulation 427 and 432).

C.    Approved actions by the Warden or his/her designee is final and the sanctions will begin on the effective date shown on the charges.

## VIII    STANDARD OPERATING PROCEDURES

Institutions may prepare a Standard Operating Procedure (SOP) to ensure compliance with provisions of this regulation.

## IX    APPEAL OF THE INMATE

The inmate may not appeal the final action by the Warden or his/her designee.

## X    REFERENCE

Administrative Regulation 414, "Behavior Citation Procedures for Informal Disciplinary Actions"

## XI    SUPERSESSION

This regulation supersedes Administrative Regulation 403, dated October 3, 1996.

Donal Campbell, Commissioner

## ANNEXES

Annex A - Violations Table and Authorized Sanctions

Annex B - Definitions and Examples of Rule Violations

AR 403 January 30, 2003

Annex C - ALDOC Disciplinary Report (ALDOC Form 225B)

Annex D - Notice of Postponement of Disciplinary Hearing (ALDOC Form 225D)

# ALABAMA DEPARTMENT OF CORRECTIONS
## VIOLATIONS TABLE AND AUTHORIZED SANCTIONS
## ANNEX A

### VIOLATION AGAINST PERSONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 28 | HOMICIDE |
| 29 | ASSAULT ON PERSON(S) ASSOCIATED WITH THE ALDOC |
| 30 | ASSAULT ON PERSON(S) NOT ASSOCIATED WITH ALDOC |
| 31 | ASSAULT ON ANOTHER INMATE |
| 32 | SEIZING OR HOLDING HOSTAGES |
| 33 | UNLAWFULLY DETAINING ANY PERSONS |
| 34 | FIGHTING WITH A WEAPON |
| 35 | FIGHTING WITHOUT A WEAPON |
| 36 | SEXUAL ASSAULT (FORCIBLE) |
| 37 | SEXUAL OFFENSE (NON-FORCIBLE)/SOLICITING |
| 38 | INDECENT EXPOSURE/EXHIBITION |
| 39 | EXTORTION OR BLACKMAIL |
| 40 | ROBBERY |
| 41 | MAKING FALSE STATEMENT OR CHARGE TO A ALDOC EMPLOYEE WITH INTENT TO DECEIVE THE EMPLOYEE OR TO PREJUDICE ANOTHER PERSON |
| 42 | GATHERING AROUND AN EMPLOYEE IN A THREATENING OR INTIMIDATING MANNER |
| 44 | THREATS |

AR 403 January 30, 2003

## SECURITY VIOLATION

MAJOR RULE VIOLATION                          VIOLATION TYPE

45                    ESCAPE BY FORCE

Annex A to AR 403 (page 1 of 4)

**ALABAMA DEPARTMENT OF CORRECTIONS**
**VIOLATIONS TABLE AND AUTHORIZED SANCTIONS**
**ANNEX A (Continued)**

| | |
|---|---|
| 46 | ATTEMPT TO ESCAPE BY FORCE |
| 47 | ESCAPE WITHOUT FORCE |
| 48 | ATTEMPT TO ESCAPE WITHOUT FORCE |
| 49 | ABSENT WITHOUT LEAVE |
| 50 | BEING IN AN UNAUTHORIZED AREA |
| 51 | UNAUTHORIZED POSSESSION OF ESCAPE DEVICE |
| 52 | UNAUTHORIZED POSSESSION OF WEAPON OR DEVICE THAT COULD BE USED AS A WEAPON |
| 53 | INCITING TO RIOT OR RIOTING |
| 54 | REFUSING TO WORK/FAILING TO CHECK OUT FOR WORK/ENCOURAGING OR CAUSING OTHERS TO STOP WORK |
| 56 | FAILURE TO OBEY A DIRECT ORDER OF ALDOC OFFICIAL |
| 57 | INSUBORDINATION |
| 59 | DELAYING, HINDERING, OR INTERFERING WITH AN EMPLOYEE IN PERFORMANCE OF HIS/HER DUTY |
| 60 | BRIBERY OR ATTEMPTED BRIBERY |
| 61 | DISRUPTING THE COUNT |
| 62 | INTENTIONALLY CREATING A SECURITY, SAFETY, OR HEALTH HAZARD |
| 63 | DISORDERLY CONDUCT |

AR 403 January 30, 2003

| 64 | POSSESSION OF CONTRABAND. INCLUDES POSSESSION OF CURRENCY UNLESS APPROVED BY THE WARDEN |
|---|---|
| 65 | POSSESSION OF UNAUTHORIZED OR UNPRESCRIBED DRUGS, INTOXICANTS, OR |

Annex A to AR 403 (page 2 of 4)

## ALABAMA DEPARTMENT OF CORRECTIONS
## VIOLATIONS TABLE AND AUTHORIZED SANCTIONS
### ANNEX A (Continued)

PARAPHERNALIA. ALSO, CONSUMPTION OR USE OF, OR UNDER THE INFLUENCE OF ALCOHOL, NARCOTICS, OR OTHER INTOXICANTS.

### PROPERTY VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 68 | THEFT, DAMAGE, OR DESTRUCTION OF ANOTHER'S PERSONAL PROPERTY |
| 69 | DESTROYING, STEALING, DISPOSING, ALTERING, DAMAGING, OR SELLING STATE PROPERTY |
| 70 | UNAUTHORIZED POSSESSION OF OTHER'S PROPERTY |
| 71 | ARSON |
| 72 | FORGERY |
| 73 | COUNTERFEITING |

### POLICY VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 78 | FAILURE TO COMPLY WITH THE AGREEMENT AND CONDITIONS OF LEAVE AND PASS |
| 86 | BEING FIRED FROM JOB |

### PERSONAL VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 90 | CONSUMPTION OR USE OF, OR UNDER THE INFLUENCE OF ALCOHOL, NARCOTICS OR OTHER INTOXICANTS |

AR 403 January 30, 2003

## MISCELLANEOUS VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
| --- | --- |
| 91 | CONSPIRACY TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES |

Annex A to AR 403 (page 3 of 4)

## ALABAMA DEPARTMENT OF CORRECTIONS
## VIOLATIONS TABLE AND AUTHORIZED SANCTIONS
## ANNEX A (Continued)

| | |
| --- | --- |
| 92 | AIDING AND ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES |
| 93 | VIOLATION OF STATE OR FEDERAL LAW |
| 94 | SOLICITING SEXUAL ACT |
| PV | VIOLATION OF PAROLE (RECOMMENDED BY P&P) |

## WORK RELEASE AND SIR VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
| --- | --- |
| E8 | VIOLATION OF SIR CONTRACT |
| E9 | ABSCONDING FROM SUPERVISION, ABSENT WITHOUT PERMISSION |

NOTE:    Inmates are subject to all Rule Violations (28 thru E9). Rules E1 through E3 (see AR 414) and E8 and E9 (this regulation) are designed primarily to manage/govern behavior of inmates. In addition to punishments authorized for major violations outlined in this Annex, inmates who violate, and are convicted of, any of these rules (28 thru E9) may also be removed from the Work Release or SIR Program.

## AUTHORIZED SANCTIONS

1.    Loss of a portion or all good time the inmate has earned.

2.    Confinement to Segregation.

3.    Recommend custody review.

4.    Loss of any and all privileges up to 90 days.

AR 403 January 30, 2003

# ALABAMA DEPARTMENT OF CORRECTIONS
## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS
### ANNEX B

### <u>VIOLATION AGAINST PERSONS</u>

28    <u>HOMICIDE</u> - The death of a human being caused by another person's actions.

29    <u>ASSAULT ON A PERSON (S) ASSOCIATED WITH THE ALDOC</u>- Any willful attempt or threat to inflict injury upon an officer of ALDOC, employee, or other person associated with the ALDOC giving the victim reason to fear or expect immediate bodily harm.

30    <u>ASSAULT ON A PERSON (S) NOT ASSOCIATED WITH ALDOC</u> - See #29 above.

31    <u>ASSAULT ON ANOTHER INMATE</u> - See #28 or #29 above.

32    <u>SEIZING OR HOLDING HOSTAGES IN ANY MANNER</u> - Abducting any individual with the intent to hold him/her for ransom or reward, to use him/her as a shield, or to use him/her as an aid in the commission of a felony or escape.

33    <u>UNLAWFULLY DETAINING ANY PERSON</u> - Holding any person against his/her will, even though the intent to create a hostage situation was not present.

34    <u>FIGHTING WITH A WEAPON</u> - Two or more individuals engaging in a mutual combat with a weapon(s) or a device(s) used as a weapon(s) during which combat the principal aggressor cannot be determined.

35    <u>FIGHTING WITHOUT A WEAPON</u> - Similar to #34 above except that a weapon or device used as a weapon are not present.

36    <u>SEXUAL ASSAULT (FORCIBLE)</u> - See #29 above; assault with the intention to commit the crime of rape or other sexual offense.

37    <u>SEXUAL OFFENSE (NON-FORCIBLE)/SOLICITING</u> - Commission of any sexual act during which both participants act willingly. To include hugging, fondling, caressing, kissing, etc.

38    <u>INDECENT EXPOSURE/EXHIBITIONISM</u> - Exposure to sight of the private parts of the body in a lewd or indecent manner.

39    <u>EXTORTION OR BLACKMAIL</u> - Demanding or attempting to demand, or receiving money or anything of value in return for protection from others in order to avoid bodily harm, or under threat of any kind.

40    <u>ROBBERY</u> - The taking of property from another by the use of force, or the threat of the use of force with the intent to deprive that individual of the property.

41    MAKING FALSE STATEMENTS OR CHARGES –The speaking of slanderous, defamatory, or untrue words tending to prejudice another.

42    GATHERING IN A THREATENING OR INTIMIDATING MANNER - Self-explanatory.

Annex B to AR 403 (Page 1 of 4)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS
## ANNEX B (Continued)

44    THREATS - A communicated intent to do bodily harm to another individual or group by verbal or written expression.

## SECURITY VIOLATIONS

45    ESCAPE BY FORCE - The departure out of the custody of the ALDOC or other legal agency by a lawfully detained inmate with the intent to avoid confinement by use of constraining power, compulsion, or force.

46    ATTEMPT TO ESCAPE BY FORCE - An endeavor to escape or conspire to escape by force (see #45 above) resulting in recapture prior to leaving state custody or other controlling agency.

47    ESCAPE WITHOUT FORCE - See #45 above, except that there is no use of constraining power, compulsion, or force involved.

48    ATTEMPT TO ESCAPE (WITHOUT FORCE) - See #46 above, except that there is no use of constraining power, compulsion, or force involved.

49    ABSENT WITHOUT LEAVE - Not returning from leave or pass within two hours of the designated time.

50    BEING IN AN UNAUTHORIZED AREA - Also includes being ardent from assigned work area or place of employment and/or being absent from assigned quarters without permission.

51    UNAUTHORIZED POSSESSION OF ESCAPE DEVICE - Having in one's possession any device which could be used to attempt or effect an escape, such as, but not limited to, an instrument to pick a lock, a homemade key, a disguise, or a replica of a human being.

52    UNAUTHORIZED POSSESSION OF A WEAPON OR DEVICE THAT COULD BE USED AS A WEAPON - Any instrument which could be used in a violent manner, such as a device with a pointed and/or sharpened end, or a homemade club, or any item which appears to be a weapon.

53    INCITING TO RIOT OR RIOTING - To incite a riot is to solicit or urge other persons by speech or actions to engage in a conduct which would create a substantial risk to institutional security or public safety, whereas rioting is the action of five or more people engaging in such behavior.

54    REFUSING TO WORK/FAILURE TO CHECK OUT FOR WORK/ENCOURAGING OR CAUSING OTHERS TO STOP WORK - Self-explanatory.

AR 403 January 30, 2003

56    FAILURE TO OBEY A DIRECT ORDER OF A ALDOC OFFICIAL - Not complying with an order issued by an ALDOC employee in the performance of duty.

57    INSUBORDINATION - Any act, gesture, remark or statement which obviously reflects disrespect to lawful authority.

## ALABAMA DEPARTMENT OF CORRECTIONS
## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS
## ANNEX B (Continued)

59    DELAYING, HINDERING, OR INTERFERING WITH AN EMPLOYEE IN PERFORMANCE OF HIS DUTY - Self-explanatory.

60    BRIBERY OR ATTEMPTED BRIBERY - Offering or conferring upon a public servant anything of value with the intent to affect or influence official action, or receiving anything of value for such a purpose.

61    DISRUPTING THE COUNT - Any action intended to which otherwise effects a miscount of inmates within the institution.

62    INTENTIONALLY CREATING A SECURITY, SAFETY OR HEALTH HAZARD – Creating a situation which could cause serious impairment to the operation of          the institution, harm to individuals, or result in destruction of property.

63    DISORDERLY CONDUCT – Conduct or actions that would create risk, inconvenience, or alarm to normal institutional/facility security or routine operation.

64    POSSESSION OF CONTRABAND - The possession of any item not issued to the inmate by an ALDOC employee, sold in the Canteen Store or approved by the Warden, to include possession of U.S. currency in any amount, or items in excessive amounts.

65    POSSESSION OF UNAUTHORIZED OR UNPRESCRIBED DRUGS, INTOXICANTS, OR PARAPHERNALIA – To include anything used in the administration of drugs or for the manufacture of drugs: for example, a paper bag with traces of glue inside, or the ingredients to make home brew or an intoxicating substance, or storage by the inmate or possession by the inmate of any psychotropic medication unless a specific exception is made by the prescribing physician (the inmate must keep a copy of the physician's authorization with medication at all times).

## PROPERTY VIOLATIONS

68    THEFT, DAMAGE OR DESTRUCTION OF ANOTHER'S PERSONAL PROPERTY – The taking of the property of another person without threat, force, or coercion, with the intent to permanently deprive the owner of the property.

69    DESTROYING, STEALING, DISPOSING, ALTERING, DAMAGING, OR SELLING STATE PROPERTY - Self-explanatory.

70    UNAUTHORIZED POSSESSION OF OTHER'S PROPERTY - Self-explanatory.

71    ARSON - The malicious burning, either by fire or explosion, of state property or items belonging to the inmate or another person.

72    FORGERY - The altering, possession, or transfer of a written instrument or document with the intent to defraud or deceive.

Annex B to AR 403 (Page 3 of 4)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS
## ANNEX B (Continued)

73    COUNTERFEITING - To copy or imitate, without authority, in order to deceive or defraud by passing the copy as the original; for example, altering postage stamps, money orders or other documents.

### POLICY VIOLATIONS

78    FAILURE TO COMPLY WITH THE AGREEMENT AND CONDITIONS OF LEAVE OR PASS - To include travel arrangements of the leave or pass plan.

86    BEING FIRED FROM A JOB - Being released from employment, or assigned job, because of sloppy work, insolent language, or other culpable behavior on the part of the inmate.

### PERSONAL VIOLATIONS

90    CONSUMPTION OR USE OF, OR UNDER THE INFLUENCE OF ALCOHOL, NARCOTICS OR OTHER INTOXICANTS - The use of unauthorized narcotic substance or other intoxicant by sniffing, injection, or orally ingesting.

### MISCELLANEOUS VIOLATIONS

91    CONSPIRACY TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES - A combination or confederacy between two or more inmates **or** one or more inmates and one or more free world persons for the purpose of violating same departmental or institutional rule, even though the act is not consummated or carried out.

92    AIDING AND ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES - To help, assist or facilitate the violation of a departmental or institutional rule by encouragement of counsel as to its commission with words, acts, support, presence, or assistance rendered.

93    VIOLATION OF STATE OR FEDERAL STATUTE - Self-explanatory.

94    SOLICITING SEXUAL ACT - Self-explanatory.

PV    VIOLATION OF PAROLE - Violation to be determined by Pardons and Paroles Officer/Board.

### WORK RELEASE AND SIR VIOLATIONS

E8    VIOLATION OF SIR CONTRACT – Self-explanatory

E9    ABSCONDING FROM SUPERVISION, ABSENT WITHOUT PERMISSION – Self-explanatory

AR 403 January 30, 2003

ALDOC Form 225B

Annex B to AR 403 (Page 4 of 4)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.    Inmate: _____    Custody: _____    AIS _____

2.    Facility: _____

3.    The above inmate is being charged by _____ with a violation of Rule
      Number _____ specifically _____ from regulation #_____ which
      occurred on or about _____, 20 _____ at (time) _____(am/pm), Location:
      _____. A hearing on this charge will be held after 24 hours from
      service.

4.    Circumstances of the violation(s) are as follows: _____

      _____

      _____
      _____                    _____
              Date                            Arresting Officer/Signature/Rank

5.    I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I
      informed inmate of his/her right to present a written or oral statement at the hearing and to present
      written questions for the witnesses on this the _____ day of _____20 _____ , at (time)_____
      (am/pm).


      _____                    _____
      Serving Officer/Signature/Rank              Inmate's Signature/AIS Number

6.    Witnesses desired? NO_____        YES_____
                          Inmate's Signature          Inmate's Signature

7.    If yes, list _____

      _____

8.    Hearing Date_____ Time _____Place _____

9.    Inmate must be present in Hearing Room. If he/she is not present explain in detail on a additional page and
      attach.


10.   A finding is made that inmate (is/is not) capable of representing him/herself.

                    _____
                         Page 18 of 23

AR 403 January 30, 2003

Signature/Hearing Officer

11.    Plea: _____ Not Guilty _____ _____ Guilty

12.    The Arresting Officer, inmate, and all witnesses were sworn to tell the truth.

_____
Signature/Hearing Officer

Annex C to AR 403 (Page 1 of 5)

13.    Arresting Officers testimony (at the hearing): _____ ___

_____

_____

_____

14.    Inmate's Testimony: _____

_____

_____

_____

Witness: _____    Substance of Testimony:_____

_____

_____

Witness: _____    Substance of Testimony:_____

_____

_____

Witness: _____    Substance of Testimony: _____

_____

_____

15.    The inmate was allowed to submit written questions to all witnesses. Copy of questions and answers are attached.

_____
Signature/Hearing Officer

16.    The following witnesses were not called - Reason not called

Page 19 of 23

AR 403 January 30, 2003

1. _____    ___ _____

2. _____    ___ _____

3. _____    ___ _____

Annex C to AR 403 (Page 2 of 5)

17.    After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific) the Hearing Officer finds that:

    _____

    _____

    _____

    _____

    _____

18.    Basis for Findings of Fact: _____

    _____

    _____

    _____

    _____

19.    Hearing Officer's Decision: _____ Guilty _____ Not Guilty

20.    Recommendation of Hearing Officer: ____ _____

_____

_____

_____
Signature/Hearing Officer

_____
Type Name and Title

21.    Warden's Action – Date _____

    Approved _____

    Disapproved _____

    Other (Specify) _____

    _____

22.    Reason if more than 30 calendar days delay in action._____

AR 403 January 30, 2003

23.    I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named
        inmate on this _____ day of _____20____ , at time)_____(am/pm).

_____        _____
Signature/Serving Officer/Title              Inmate's Signature/AIS Number

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Annex C to AR 403 (Page 3 of 5)

Inmate Name/AIS Number _____        Incident Report No._____

Facility _____

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER
(QBHO) TO ARRESTING OFFICER: _____

_____

_____

_____

_____

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO
INMATE: _____

_____

_____

_____

CONTINUED WITNESS TESTIMONY (QBHO): _____

_____

_____

_____

CONTINUED FINDINGS OF FACT: _____

_____

_____

AR 403 January 30, 2003

_____     _____

_____     _____

CONTINUED BASIS FOR FINDINGS OF FACT: _____

Annex C to AR 403 (Page 4 of 5)

_____     _____

_____

_____

_____

CONTINUED HEARING OFFICER'S RECOMMENDATIONS: _____

_____

_____

_____

_____

OTHER: _____

_____

_____     _____

_____

_____

AR 403 January 30, 2003

Annex C to AR 403 (Page 5 of 5)

ALDOC Form 225D

## ALABAMA DEPARTMENT OF CORRECTIONS
## NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING

Inmate's Name _____ AIS # _____

Violation(s) _____

Notice is hereby given that your Disciplinary hearing which was scheduled on _____ has been rescheduled for _____

Reason for rescheduling: _____

_____

_____

_____          _____
Inmate's Signature                    Serving Officer's Signature

## ALABAMA DEPARTMENT OF CORRECTIONS
## NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING

Inmate's Name _____ AIS # _____

Violation (s) _____

Notice is hereby given that your Disciplinary hearing which was scheduled on _____ has been rescheduled for _____

Reason for rescheduling: _____

_____

_____          _____
Inmate's Signature                    Serving Officer's Signature

Annex D to AR 403

Page 23 of 23

AR 403 January 30, 2003





*State of Alabama*

*Alabama Department of Corrections*

Research and Planning
P. O. Box 301501
Montgomery, AL 36130-1501

**BOB RILEY**
GOVERNOR

**DONAL CAMPBELL**
COMMISSIONER

May 11, 2004

ADMINISTRATIVE REGULATION                OPR: PERSONNEL
NUMBER                207

## STANDARDS OF CONDUCT

### I.     GENERAL

This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes responsibilities, policies, and procedures for implementing and ensuring Standards of Conduct to govern employee behavior and work performance.

### II.     POLICY

It is the policy of the ADOC that all employees maintain the highest level of behavior and efficiency, reflect the best image of public service, and uphold with integrity the public confidence entrusted in them.

### III.     DEFINITION(S) AND ACRONYM(S)

A.     <u>Employee</u>:  Any person employed by the ADOC as a full-time, part-time, temporary or contract employee.

B.     <u>Family Member</u>:  An employee's spouse, child, grandchild, parent, grandparent, sibling, mother-in-law, or father-in-law.

C.     <u>Inmate</u>:  Any person committed to the custody of the ADOC to serve a state prison sentence.

D.     <u>Sexual Misconduct</u>:  Any behavior or act of a sexual nature directed toward an employee, volunteer, visitor or contract employee. This includes but is not limited to:

   1.     Acts or attempts to commit such acts as sexual assault, sexual abuse, sexual harassment, sexual contact, actions designated for the gratification of any party, conduct of a sexual nature or implication, obscenity and unreasonable invasion of privacy.

1 of 5

      2.    Conversations or correspondence, which suggests a romantic or sexual relationship between any party mentioned above.

## IV.   **RESPONSIBILITIES**

A.    The Commissioner shall ensure that all employees are fairly and equally held accountable for compliance with ADOC Standards of Conduct.

B.    The Personnel Division Director shall ensure that the Standards of Conduct are in accordance with state laws and regulations.

C.    Wardens/Division Directors shall ensure that:

    1.    All new ADOC employees are thoroughly orientated as to the content of this regulation, and that all employees under his/her supervision review this regulation at least once annually.

    2.    A copy of this regulation is posted on employee bulletin boards.

D.    It is the responsibility of all ADOC employees to adhere to the Standards of Conduct. Failure to so shall result in disciplinary procedures as outlined under AR 208, Employee Discipline.

## V.   **PROCEDURES**

A.    All ADOC employees shall adhere to the following standards:

    1.    Report for work on time and in a condition to perform their job properly.

    2.    Render full, efficient, and industrious service.

    3.    Respond promptly to directions and instructions.

    4.    Exercise courtesy and tact.

    5.    Maintain a clean and neat appearance.

    6.    Protect and conserve funds, property, equipment and materials.

    7.    Observe all laws, rules and regulations.

    8.    Take an active part in the Department of Corrections affairs.

    9.    Uphold, with integrity, the public's trust involved in their positions.

    10.    Prevent any abuse of authority attached to the use of a badge that does not relate to a correctional officer performing and executing his/her duties in accordance with Title 14, Code of Alabama 1975, as amended.

AR207 – May 11, 2004

11.  Immediately inform and provide a written report to the Warden/Division Director regarding any incident of arrest or conviction of a felony or misdemeanor (except minor traffic violations) and any requirement to appear as a defendant in a criminal court.

12.  Obtain prior approval from the Warden/Division Director before becoming financially involved with an inmate.

13.  Promptly report any incidents of sexual misconduct.

14.  Report all instances when the ability to supervise a subordinate employee is affected by a personal and/or non-working relationship with that employee.

15.  Notify the Warden/Division Director immediately and follow the inmate visiting regulations when a family member is incarcerated in the ADOC.

B.  Each employee's conduct shall, at all times, be consistent with the maintenance of proper security and welfare of the institution and of the inmates under his/her supervision.

C.  Employees shall **not**:

1.  Report for duty or exercise supervision or control over inmates while under the influence of an intoxicant and/or illegal drug.

2.  Report for duty or exercise supervision or control over inmates while under the influence of a narcotic, barbiturate, hallucinogenic drug, central nervous system stimulant or depressant. Exceptions may be made only for medications that have been prescribed by and are taken under a doctor's care, and only if such medications do not impair the employee in performing his/her required job duties.

3.  Use profane or abusive language in supervising inmates.

4.  Use profane or abusive language in supervising and/or working with other employees.

5.  Abuse inmates in any manner.

6.  Trade, barter, or accept a gift from or give a gift to an inmate, an inmate's family, or any other person on behalf of that inmate, or those on parole.

7.  Correspond or fraternize socially with an inmate or an inmate's family, unless approved by the Warden/Director of the employee and of the inmate.

AR207 – May 11, 2004

8. Take any article or property whatsoever from any institution or from state property not specifically authorized by regulation.

9. Introduce into any institution or bring upon an ADOC state property any article or property that is not authorized by written directive nor has the approval of the Warden/Division Director.

10. Recommend or furnish any advice concerning the selection of a specific lawyer for an inmate.

11. Carry any weapon, tear gas, ammunition, or blackjack into the institution or on the grounds of any ADOC state property, except as authorized by the Warden/Division Director.

12. Have keys to any area of an ADOC facility without authorization.

13. Abuse sick leave. (Refer to AR 220, Departmental Leave)

14. Deliberately or carelessly misuse state equipment or supplies resulting in loss or damage.

15. Show partiality toward or become emotionally involved with an Alabama State inmate or parolees.

16. Disregard ADOC procedures concerning the proper conduct and notification when family members are incarcerated in the Alabama Prison System.

17. Apply physical force to an inmate, except and only to the degree that is reasonably necessary in self-defense, to prevent an escape, to prevent an injury to a person or the destruction of property, to quell a disturbance, or to restrain an inmate who exercises physical resistance to a lawful command. (Refer to AR 327, Use of Force, in reference to physical force)

18. Use ADOC owned property or any state-owned property for his/her personal use without the approval of the Commissioner.

19. Provide any information to any source including newspapers, radio, television, or any other source or agency except as directed by ADOC regulations. (Refer to AR 005, Public and Community Relations)

D. Employees shall make a complete written report (Incident Report) of all unusual incidents that occur during a tour of duty.

E. Employees shall submit to a personal search whenever required by the proper authority. This search may also be extended to the employee's personal property and vehicle located on ADOC owned or state-owned property.

AR207 – May 11, 2004

F.    Employees shall obtain approval for any absence from work. An unauthorized absence may subject the employee to disciplinary action.

G.    Any employee, while on duty, that is found using or under the influence of intoxicants or illegal drugs shall be subject to disciplinary action.

H.    Security employees, except by the written approval of the ADOC Commissioner, shall be prohibited from engaging in law enforcement or investigative work.

I.    Employees shall be subject to disciplinary action for falsifying documents in connection with the application process, their job duties, or a departmental requirement.

J.    A security employee shall be subject to dismissal action for the conviction of an offense that disqualifies him/her from employment as a law enforcement officer under the Alabama Peace Officers Standards and Training Commission Rules and Regulations (Title 36, Code of Alabama, 1975).

## VI.  DISPOSITION

There are no forms used in this regulation, therefore, no disposition instructions are needed.

## VII.  FORMS

There are no forms prescribed in this regulation.

## VIII.  SUPERCEDES

This regulation supersedes Administrative Regulation 207, dated November 2, 1994, as amended.

## IX.  PERFORMANCE

This administrative regulation updates departmental policies and procedures pertaining to the Standards of Conduct expected of ADOC employees and is based on, but not limited to, the interpretation and application of the regulations and laws, as amended, below:

A.    ADOC Administrative Regulations (AR 208, AR 220, AR 327, AR 005 – Titles are stated within the body of this regulation)

B.    Rules of the Alabama State Personnel Board

C.    Title 14, Code of Alabama, 1975

D.    Title 36, Code of Alabama, 1975

Donal Campbell, Commissioner

AR207 – May 11, 2004