In The United States District Court
For The Middle District Of Alabama
Northern Division

RECEIVED 2005 DEC 14 A 8:40
RECEIVED 2005 NOV 29 A 9:19
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Lorenzo Rainer #121380
    Plaintiff,
vs                        Civil Action No. 2:05-CV-916-T
Captain Barrett, et al.
    Defendant.

### Response In Opposition To Defendants Answer

Lorenzo Rainer, plaintiff styled above, herein sets forth his response in opposition to defendants answer to his complaint as per this courts order of November 9, 2005. For the consideration of this court plaintiff respectfully sets forth the following

### Response In Opposition

Defendants in their answer set forth essentially three defenses accompanied by affidavits and other evidentiary materials. Defendants set forth that, (1) Plaintiff's claim of excessive use of force is without merit, (2) Defendants are immune to suit under the doctorines

of absolute and qualified immunity, (3) Plaintiff's allegations of conspiricy are vague and fail to state a claim.

### Excessive Use Of Force

Defendants set forth as their defense that the amount of force used was necessary to preserve internal order, dicipline and maintain institutional security. Defendants claim good faith and set forth five factors in Whitley, 475 US at 320-21, 106 S.Ct. at 1084-85 to determine whether force was use maliciously and sadistically for the purpose of causing harm. (1) The extent of the injury, (2) the need for application of force, (3) the relationship between the need and amount of force used, (4) any efforts made to temper the severity of a forceful response, and (5) the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of facts known to them.

First of all plaintiff sets forth that the facts as set forth in defendants answer and accompaning affidavits are false, misleading and conflicting. Defendant Dumas states that the altercation began in the dinning hall however defendants Vickers and Hogwood state it was the main hallway. Defendant Jackson states in his affidavit that he and defendant Vickers placed plaintiff on the floor and defendant Barnes put the handcuffs on plaintiff. According to defendant

Vickers affidavit she assisted four other officers, defendants Dumas, Jackson Barnes and Murray in appling the handcuffs to plaintiff. Defendant Hogwood states in his affidavit that he saw the verbal confrontation between defendant Dumas and plaintiff in the main hallway, that he had a clear view and that he saw defendant Dumas strike plaintiff on the forearm with a baton. However defendant Dumas in her own affidavit and incident report contained in defendants answer states that she struck plaintiff in the face with her fist and struck him four times on the shin and twice on the forearm with a baton. Defendant Hogwood neglects to mention this even though he says he had a clear view of the incident from Central Control. Finally defendant Dumas states in her affidavit that she struck plaintiff on the shins and forearm with a baton but she neglects to mention she punched him in the face with her fist. This is included in the incident report contained in the defendants answer.

  Plaintiff asserts for the consideration of this court that the defendants affidavits differ because the incident did not take place as they would have this court believe. (See affidavit of plaintiff) When defendant Dumas put her hand in plaintiff's face and began to yell and plaintiff told her to talk with her mouth and not her hands defendant Dumas struck plaintiff on the left side of his head knocking him out of the wheelchair onto the floor. She called a code red on the radio and defendants Jackson

Vickers, Barns and Murray assaulted plaintiff and continued to do so even after the handcuffs were on him.

As to the five factors set forth in Whitley, supra as afore mentioned though plaintiff received no broken bones he was severly bruised and has experenced problems with his back since which is already injured and the reason plaintiff is paralized and in a wheel chair. Second the actions of defendants were not only unnecessary but totally uncalled for as plaintiff is already paralyzed and confined to a wheelchair and unable to offer opposition which would warrent force used by the defendants. Third there was no need for the amount of force used by defendants or any force for that matter, plaintiff is confined to a wheelchair and unable to protect himself. Fourth defendant Dumas's efforts to temper the amount of force consisted of sticking her hands in plaintiff's face and then stricking him in the head with her closed fist. Finally, five, as to plaintiff's being a threat to staff or other inmates plaintiff is paralyzed and in a wheelchair. Plaintiff posed no threat to individuals or the security of the institution.

The short of the matter is defendants used excessive force when they assaulted him in the main hallway at Kilby Correctional Facility. The defendants knew or at the very least should have know that they were violating clearly established administrative, criminal and civil statutes as well as plaintiffs

Eighth Amendment rights against cruel and unusual punishment under the constitution of the United States of America and they are without excuse.

### Plaintiff's Allegations Of Conspiricy Are Vague And Fail To Support A Claim

Plaintiff asserts that the defendants efforts to knowingly use excessive force and to cover the fact up constitutes conspiricy to violate plaintiffs clearly established constitutional rights under the Fourteenth and Eighth Amendments to the United States Constitution as set forth in 42 USC § 1985 and 1986. The use of verbal and physical intimidation by staff and correctional officers i.e. defendants at Kilby Correctional Facility is a common practice as well as efforts to cover it up as discovery in this cause of action will prove. How many incidents of this type occured at said facility? How many similar incidents have defendants been involved in? How many civil suits regarding similar facts have there been are only a few of the questions which should be answered in this cause.

## Defendants Are Immune To Suit

Defendants claim they are immune to suit under the doctorines of absolute soverein immunity and qualified immunity. Plaintiff brings this suit against defendants in their individual and official capacities as Department of Corrections employees and individuals acting under color of state law. The real and substantial interest in this cause is not the state of Alabama but the defendants together and individually working for and with the Alabama Department of Corrections. Defendants do not enjoy absolute immunity in this cause for their individual actions and actions in the Department of Corrections acting under color of state law.

Defendants could only enjoy qualified immunity as long as their conduct violated no clearly established statutory or constitutional laws or rights. Defendants in this cause violated plaintiff's clearly established constitutional rights under the Eighth Amendment against cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the law as well as clearly established statutory provisions against assault. Defendants cannot claim qualified immunity in this cause of action

## Conclusion

Plaintiff sets forth that there are issues of material fact and law in dispute in this cause of action which need to be resolved and summary judgement should not be awarded the defendants in this cause.

Done this 23 day of NOVember 2005

---

Lorenzo Rainer #121380
Kilby Correctional Facility
P.O. Box 150
Mt. Meigs, Al. 36057

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE FOREGOING DOCUMENTS HAVE BEEN PLACED IN THE KILBY CORRECTIONAL MAIL BOX AT P.O. BOX 150 MT. MEIGS, AL. 36057 POSTAGE PREPAID.

*Lorenzo Rainer*

LORENZO RAINER
AIS #121380
P.O. BOX 150
MT. MEIGS, AL. 36057